IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANDREA DOSS                                                    PLAINTIFF

v.                      No. CV-2005-6042

TRANSCOR AMERICA, INC.                                         DEFENDANT

ORDER

Plaintiff brings this action for damages against Defendant alleging a breach of contract. Specifically, Plaintiff alleges she is a third-party beneficiary of Defendant's contract to transport prisoners between states. Plaintiff contends the written contract contained an implied covenant to transport prisoners in a reasonable manner. Plaintiff further contends Defendant's actions were unreasonable because she was humiliated, abused and mistreated during the transport. Plaintiff originally filed her case in State court on May 13, 2005 and on June 17, 2005, Defendant removed the case to federal court pursuant to 28 U.S.C. §§ 1441 and 1446. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. Currently before the Court is Defendant's motion for summary judgment (Doc. 9) and Plaintiff's response (Doc. 14).

**I. Background**

Plaintiff rented a U-haul truck in Decatur County, Kansas on April 11, 2001. When the truck was not returned, Kansas authorities issued a warrant for her arrest. Plaintiff was arrested on June 1, 2001, in Hot Spring County, Arkansas, and

waived extradition to Kansas. Defendant, who provides prisoner transportation services for law enforcement agencies, transported Plaintiff from Hot Spring County, Arkansas, to Decatur County, Kansas. The trip began on June 12, 2001, and ended on June 28, 2001. The trip included stops at detention facilities in Oklahoma, Texas, and Kentucky. Plaintiff alleges she spent many hours in a vehicle, was denied toiletry items, changes of clothes, and smoke breaks.

Plaintiff contends she is a third-party beneficiary of a written contract between Defendant and the Hot Spring County jail for the transportation of prisoners. Defendant states there is no written contract, but only an oral agreement to transport Plaintiff from the Hot Spring County (Ark.) jail to the Decatur County (Kan.) jail and that Plaintiff's claim is time-barred by the applicable Arkansas statute of limitations for oral contracts. Defendant also contends that Plaintiff is not a third-party beneficiary to the contract.

**Standard of review**

A motion for summary judgment will be granted when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgement as a matter of law." Fed. R. Civ. P. 56(c). A "material" fact is one "that might affect the outcome of the suit under the governing law ..." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A "genuine" issue of material fact

exists when there is sufficient evidence favoring the party opposing the motion for a jury to return a verdict for that party. *Id.* In determining whether a genuine issue of material fact exists, the evidence is to be taken in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If the moving party meets the initial burden of establishing the nonexistence of a genuine issue, the burden then shifts to the opposing party to produce evidence of the existence of a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). The opposing party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial," and "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson*, 477 U.S. at 256-7 (citing Fed. R. Civ. P. 56(e)).

**Discussion**

Plaintiff alleges a written contract between Defendant and Hot Spring County Jail.[1] In support of her allegation, Plaintiff submits a document entitled "Transcor America, Inc. Prisoner Receipt" (Doc. 14-2). Specifically, she points to a paragraph titled "Pick-up Information" that states:

"I, Rebecca Lynema[2] #2678 do solemnly swear (or

---

[1] Plaintiff never claimed there was an oral contract. (Doc. 14-1; ¶ 2).

[2] It is undisputed that Ms. Lynema is an agent of Defendant.

>     affirm) that I will support and defend the
>     Constitution of the United States against all
>     enemies, foreign and domestic, that I well
>     bear true faith and allegiance to the
>     Constitution of the United States and that I
>     take this obligation freely, without any
>     reservation and that I will well and
>     faithfully discharge the duties upon which I
>     am appointed."

Plaintiff contends Defendant's agent swore to uphold the Constitution and that the Constitution prohibits inhumane treatment including cruel and unusual treatment under the Eighth Amendment to the United States Constitution. Plaintiff contends Defendant's treatment was inhumane for it was lengthened into a sixteen day trip and she spent many hours in a vehicle, was denied toiletry items, changes of clothes, and smoke breaks.

We cannot find the Prisoner Receipt document constitutes a written contract that would support any contention of the Plaintiff. The elements of a contract are (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligations. *Foundation Telecommunications, Inc. v. Moe Studio, Inc.*, 341 Ark. 231, 241, 16 S.W.3d 531, 538 (2000). Arkansas law[3] recognizes that, to have a valid contract, all terms should be agreed upon. *Ciba-Geigy Corp. v. Alter*, 309 Ark. 426, 834 S.W.2d 136 (1992), and the terms must be "reasonably certain." *ERC Mtg. Group, Inc. v. Luper,* 32 Ark.App. 19, 795 S.W.2d 362

---

[3] A United States District Court sitting in diversity jurisdiction applies the substantive law of the forum state. *Fogelbach v. Wal-Mart Stores, Inc.*, 270 F.3d 696 (2001).

(1990). The document Plaintiff contends is a written contract is nothing more than a record that Plaintiff, her property, and paperwork were picked up at the Hot Spring County Sheriff's Dept., Malvern, Arkansas, and delivered to the Decatur County jail, Oberlin, Kansas by Ms. Lynema. There are no further terms of the transportation event contained in the document. There is no signature from anyone with the Hot Spring County jail evidencing any mutual agreement or obligation. Defendant contends Decatur County, Kansas, paid for the transportation. The language Plaintiff points to is only an oath of allegiance to the Constitution which, without more, we cannot construe into the required language of a written contract.

While Plaintiff cannot provide evidence of a written contract, Defendant admits an oral agreement with Decatur County, Kansas, to transport Plaintiff. (Doc. 10). However, Defendant asserts that the three-year statute of limitations applicable to oral agreements, codified at Ark. Code Ann. § 16-56-105 (1987), applies to Plaintiff's complaint. Defendant argues that the actions that provide the basis for Plaintiff's complaint occurred in June 2001. Defendant further argues that Plaintiff's complaint, which was not filed until May 13, 2005, is barred by the statute of limitations. Defendant's argument is well taken for the three year statute of limitations codified at Ark. Code Ann. § 16-56-105 is applicable to this case and states:

> The following actions shall be commenced within three (3) years after the cause of action accrues: (1) All actions founded upon any contract, obligation, or liability not under seal and not in writing...

The cause of action accrues the moment the right to commence an action comes into existence, and the statute of limitations began to run at that time. *Courtney v. First Nat'l Bank*, 300 Ark. 498, 780 S.W.2d 536 (1989). Any claims Plaintiff may have had under an oral agreement accrued in June 2001 and were barred by the three-year statute of limitations when the suit was instituted.

Based on the foregoing, Defendant's motion for summary judgment is GRANTED and the Plaintiff's complaint is DISMISSED WITH PREJUDICE. All parties are to bear their own costs and fees. The jury trial scheduled for the week of February 21, 2006, is cancelled.

IT IS SO ORDERED this 13th day of January, 2006.

/s/Robert T. Dawson
Robert T. Dawson
United States District Judge